MAPLE PRESS PRINTING CO. *v.* WAYNE CIRCUIT JUDGE.

GOODMAN *v.* SAME.

INJUNCTION—PRELIMINARY INJUNCTION—CORPORATIONS— OFFICERS' SALARY—MODIFICATION.

Where complainant's bill charged conspiracy on the part of judgment debtors to form a corporation and place their property beyond her reach as a judgment creditor, the preliminary injunction granted by the court below prohibiting the corporation, among other things, from paying a weekly salary to two of its active officers, which, it is asserted, is necessary for their maintenance and support, should be modified to allow such salaries to be paid.

Mandamus by the Maple Press Printing Company and others against George S. Hosmer, one of the circuit judges for the county of Wayne, to compel the respondent to vacate or modify an injunction. Submitted April 11, 1916. (Calendar Nos. 27,099, 27,100.) Writ granted modifying injunction, June 1, 1916.

*Harold H. Emmons,* for relators.

*Selling & Brand,* for respondent.

BROOKE, J. This is an application on the part of both relators for an order requiring respondent, the circuit judge of Wayne county, to vacate or modify an injunction issued by him upon the filing of the bill of complaint by one Anna Gornetzky. It appears that said Anna Gornetzky secured a judgment (affirmed in this court) against her father-in-law, Harris Gornetzky, and her mother-in-law, Matilda Gornetzky, and that at the time she commenced her action against the parents of her husband they were possessed of certain real estate and a small printing business. She charges in her bill that while she was prosecuting her action against the Gornetzkys, they, in combination with defendant Harry Goodman and others, conspired together to place their property beyond her reach as a judgment creditor. It is charged that to this end relator the Maple Press Printing Company was formed, and a chattel mortgage on the property of said company executed in favor of relator Harry Goodman. Upon the filing of the bill, relators and the other defendants named in said bill of complaint filed several answers under oath, denying the charges of fraud and conspiracy contained in complainant's bill of complaint. Upon the hearing of the application for a preliminary injunction the court below enjoined:

(1) The Maple Press Printing Company from incumbering, disposing of, or otherwise dealing with a certain Oldsmobile automobile bearing license No. 37,-805.

(2) Harris Gornetzky and Lasser Gornetzky from taking, as salary or otherwise, any sums of money from the assets of the Maple Press Printing Company.

(3) Harry Goodman from attempting in any way to transfer or foreclose the chattel mortgage given, on October 3, 1914, to him by the Maple Press Printing Company.

Respondent having denied the motion to vacate or

modify the injunction so granted. this application for mandamus followed.

It is disclosed by the record that at the time of the hearing of the application for a preliminary injunction and in denying said application, the learned circuit judge offered to proceed to an immediate hearing upon the merits. Defendants in the chancery proceeding (relators here), however, declined to proceed to an immediate hearing, urging prior engagement of counsel and other reasons for such refusal. It is strongly urged by counsel for respondent that this refusal on the part of relators to proceed to a hearing upon the merits should be considered as a further evidence of their bad faith in the premises. While defendants' conduct in this regard is certainly open to the imputation of bad faith, we are still of the opinion that the injunctive relief granted went too far. The relator the Maple Press Printing Company is now a duly organized corporation. Harris Gornetzky and Lasser Gornetzky are two of its officers, and appear to be actively engaged in its interest in the publication of a small Jewish periodical. It is shown by the record that Harris Gornetzky's salary was $25 a week, and that of Lasser Gornetzky $15 per week. The injunction prevents them from withdrawing from the corporate funds these amounts, which, it is asserted, is necessary for their several maintenance and support. It must be remembered that the complainant in the original case is neither a stockholder nor a creditor of the Maple Press Printing Company. We are of opinion that the injunction should be modified, permitting the relator the Maple Press Printing Company to pay the salaries of Harris Gornetzky at $25 per week and Lasser Gornetzky at $15 per week, said payment to commence from the entry of the order in this court, and to continue until the final determination of the case in the court below. The case being at issue,

the complainant should have little difficulty in securing an early hearing under the rules of the court.

Modified as indicated, the injunction will stand. No costs will be granted upon this motion.

STONE, C. J., and KUHN, OSTRANDER, BIRD, MOORE, STEERE, and PERSON, JJ., concurred.