Alois C. Mazur, J.
All the defendants herein have been charged with violating subdivision 6 of section 381 of the New York State Vehicle and Traffic Law, which makes it unlawful “ for any person to operate or ride upon a motorcycle unless he wears a protective helmet of a type approved by the commissioner ”. Each defendant entered a plea of “ Not guilty ” on the ground that the law in question is unconstitutional and therefore null and void. All defendants admitted, agreed and stipulated that the factual allegations made against them were true, i.e. that on the date, time and place in question they did in fact operate or ride upon a motorcycle without wearing a protective helmet approved by the Commissioner.
In reviewing questions of constitutionality the courts are not to be concerned with the wisdom, expediency, necessity or desirability of a law. These are considerations exclusively within the province of the Legislature of the people acting in a representative capacity. So long as it acts within constitutional bounds, the Legislature has almost unlimited and absolute power to define statutory offenses or infractions and in «exercise thereof may penalize acts which before were innocent.
There is no doubt that the various Legislatures in this country have taken full advantage of their broad powers to make laws covering almost every conceivable example of human conduct. It was computed by some enterprising person or persons that in March of 1959 there were a total of 1,156,644 laws on the United States Federal and State statute books (not including city, town and village ordinances). Further, it appears that the compulsion to say 1 ‘ There ought to be a law ’ ’ is not of recent origin but dates back to the time of King Urnammu about 2145 B. C.
Certainly not all these laws are wise, expedient, necessary or desirable. Certainly, also, the court has no doubt that many of these laws do nothing but consume the time of courts and law enforcement agencies and the money of the taxpayers, both of which could be spent on more meaningful things. There is no doubt also that much of this legislation involves the government in disciplinary or regulatory activities best left to the individual and/or to the processes of education. This broad exclusive power of the Legislature is restricted only in that no enactment be made pursuant to it which is repugnant to the Constitution. There are many tests of “ constitutionality” but the question of a legislation’s wisdom, expediency, necessity or desirability is not one of them. In the instant case it appears that the sole test of constitutionality is whether or not the requirement to wear protective helmets is .within the police power of the State. *468 Briefly, what then is the general nature and scope of police power?
Broadly speaking “ police power ” is the right and power of the people to govern themselves. It is the inherent power of the State to enact and enforce laws for the protection of its people and the advancement of the general welfare. “ Thus in a great many decisions it has been said that the police power extends to protection of the public health, safety and morals; to the securing of the public peace, good order, health, safety, morals and general welfare; to the protection of the lives, limbs, health, comfort and quiet of all persons and the protection of all property within the State, including public property; to the promotion of the comfort and welfare of society; and, in addition, to the enhancement of the public convenience and the general prosperity ” (11 Am. Jur., Constitutional Law, §§ 245 and 270). It has, however, been said that “ police power ” is not capable of any satisfactory, exact definition or limitation because the concept is actually an indispensable, essential attribute of sovereignty and no description can foresee the ever-changing conditions which may call for its exercise.
There are some people who believe that the police power is restricted by and finds its basis in the maxim sic utere tuo ut alienum non laedas (so use your own that you do not injure that of another). In other words, some say that the government must never exercise its police power to restrict or regulate individual action or use of property which could not be harmful to others. I am not prepared to say whether or not this maxim serves as a valid limitation or restriction of the “police power ” of the State. I do, however, believe that the power is very broad and comprehensive and flexible enough for the State to meet the problems of changing social, economic and political conditions. I am also not prepared to admit that in the instant case the requirement to wear protective helmets is not in fact protective of the rights of others.
Recent social and economic developments include massive increases in motorcycle registrations, use and accidents. These developments have created a new traffic safety problem. (It was reported by the U. S. Department of Health, Education and Welfare that in New York State during the period of 1961 to 1965 there was an increase of 185% in motorcycle registrations.) This mass influx of motorcycle activity takes place, of course, on public roads, highways and streets, paid for by the taxpayers. It has long been recognized that the power to regulate and control the use of the public roads and highways is primarily the exclu *469 sive prerogative of the States. As a corollary of this power the State may control or restrict the type of motor vehicles which use the public roads (e.g. restriction of certain trucks from city streets or prohibiting motorcycles of a certain size from using the Thruway). Pursuant to this power it would seem only reasonable that the State have the right to reasonably regulate how riders and passengers of vehicles susceptible to special dangers and risks should protect themselves on public property. However, there is another, and perhaps more important reason, for believing the law in question to be constitutional. I believe that there is in fact a real danger to other citizens when a motorcyclist fails to use protective helmets. And if this is so there is no doubt of the State’s right to regulate regardless of what definition of “ police power ” one uses.
A motorcycle is a comparatively light machine which is delicately balanced when operated. There are special conditions, situations or occurrences which could cause a driver to be propelled off the road or into the opposite lane causing damage to other Vehicles or property or injuries to passengers or pedestrians.
The old joke about the happy motorcyclist — “ the one with the bugs on his teeth” — is not too funny when one hears or reads about instances where cyclists have been hit with hard-shelled beetles or bees and have lost control of their bikes, causing damage and injuries to others.
Cyclists generally keep to the right of the road where stones and gravel are found which could be propelled by the delicately balanced wheels into the head of the cyclist or passenger, causing distraction and loss of control.
Far more than with an automobile or a truck the very nature of a motorcycle requires that a rider be able to control his vehicle at every second. Physicists do not yet know the exact principle which keeps a cycle erect and moving. The successful and enjoyable operation of a motorcycle can only be had when there is a true “ man-machine team”. The “ two ” are more truly ‘ ‘ one ’ ’ than with any other means of conveyance. This fact no doubt adds to the enjoyment, excitement and popularity of motorcycling. However, it also means that the rider must always wear the recommended clothing and equipment for his protection as well as the protection of others. This the State has recognized and has a right to insist upon.
The law in question also requires passengers to wear protective helmets. Although not required to rule upon that question of the law, the court is of the opinion that passengers are *470 just as susceptible to head injuries as operators and a head injury to a passenger could sufficiently distract a driver to create a danger to other users of the highway.
Therefore, it is the decision of the court that under any. interpretation of the concept of “police power”, the law is constitutional. Also, since the defendants have admitted all the factual allegations made against them and since they have raised only the constitutional question, all the defendants herein are found guilty as charged.
However, in view of the wide-spread publicity attending the rulings by some authorities. that this law is unconstitutional and in view of the fact that the defendants may have been led to believe that they need not heed the law in question, the payment of a $10 fine is hereby suspended for each defendant.