Bubke I. Bubke, J.
Defendant, a motorcycle rider, was convicted of violating subdivision 6 of section 381 of the Vehicle and Traffic Law, State of New York, in the Justice Court, Town of Evans.
This subdivision reads: 11 It shall be unlawful, on and after January first, nineteen hundred sixty-seven, for any person to operate or ride upon a motorcycle unless he wears a protective helmet of a type approved by the commissioner. Such a helmet must be equipped with either a neck or chin strap and be reflectorized on both sides thereof. The commissioner is hereby authorized and empowered to adopt and amend regulations covering the types of helmets and the specifications therefor and to establish and maintain a list of approved helmets which meet the specifications as established hereunder,”
The question raised in the trial court and upon appeal is the constitutionality of the subdivision. Two reported decisions, People v. Smallwood (52 Misc 2d 1027) and People v. Carmichael (53 Misc 2d 584) have held the law unconstitutional. In unreported cases there has been a division of opinion among Judges of the City Court of Buffalo.
*703 The statute’s constitutionality has been attacked on two grounds: (1) that it is vague and uncertain and (2) that in regulating individual conduct, it is outside the scope of the police power of the State.
The argument that the subdivision is vague and uncertain is directed at the mandate that the helmet must be approved by the Commissioner of Motor Vehicles, that his list of approved helmets is not readily available to the public, and may be amended at any time. It is noted that other sections of the Vehicle and Traffic Law with reference to licensing, brake efficiency, headlamps, safety glass and directional signals vest similar power in the Commissioner.
The use and nature of protective helmets in industry, in athletics and in the military services is known generally to the public. An additional requirement for motorcycle riders is that both sides of the helmet be reflectorized. While the law makes no mention of shock resistance, the standard for the Commissioner would be sufficient strength to protect against the dangers contemplated by the Legislature.
If a motorcycle rider desires to fabricate his own helmet, he may submit it to the Commissioner for approval, and such approval cannot be capriciously withheld. However, for motorcycle riders as a class the Commissioner approves the types of helmets which lawfully may be sold by commercial dealers. (§ 381, subd. 9.) I find the section not so vague and uncertain as to render it unconstitutional.
The remaining question concerns the power of the State to regulate individual conduct. The court takes judicial notice of certain dangers inherent in the operation of motorcycles as compared to that of automobiles. The danger of flying stones or other objects from the wheels of moving vehicles is a real one. A blow on the head of a cyclist not only could endanger himself, but be the cause of injury or death to other users of the public highways. To prevent such possible occurrences is a valid objective for legislative action under the general police power of the State.
The courts have held that driving upon our public highways is a privilege and not a right. A person with impaired vision, for example, may be denied an operator’s license. Such regulation is a legitimate use of the State’s police power. In the field of public safety the Legislature should have more latitude in regulating individual conduct. I find the conduct regulated by this subdivision is not beyond the scope of legislative action.
The judgment of conviction is affirmed.