Richard I. Mulvey, J.
It appears the defendant was issued a uniform traffic ticket in the City of Ithaca on April 5, 1967 for violating subdivision 6 of section 381 of the Vehicle and Traffic Law for not wearing a helmet while operating a motorcycle. He appeared before this court on April 7, 1967 and made a motion to dismiss the ticket on the ground the law was unconstitutional. On September 29,1967 he submitted his memorandum in support of his motion.
I reject the arguments raised by the defendant in his memorandum that the statute is unconstitutional for reasons that it is too vague and indefinite and that it unreasonably limits one’s personal freedom.
A court is required to give every presumption in favor of the validity of a statute and to construe it if possible in favor of its constitutionality. (See McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 150; Richards v. Scharmann, 97 Misc. 143.)
The fact that the statute delegates authority to the Commissioner of Motor Vehicles to adopt regulations with respect to the type of helmet or specifications does not render the statute unconstitutional. Many statutes refer the adoption of rules and specifications to boards or agencies. (See Labor Law, § 27-a.)
With respect to the argument that the section is vague and indefinite the Court of Appeals has heretofore found subdivision (a) of section 1180 of the Vehicle and Traffic Law dealing with imprudent speed and subdivision 31 of section 375 dealing with noisy mufflers constitutional even though the same arguments concerning vagueness were raised. (See People v. Nappi, 18 N Y 2d 136; People v. Byron, 17 N Y 2d 64.)
As for the defendant’s argument that the' section limits one’s personal freedom I find the argument untenable. In an organized society every person is required to exercise a certain amount of restraint and limit certain of his animal instincts, in order to exist, without complete chaos taking place. For example, the enactment of speed limits curtails one’s rights; the enactment of certain health laws such as quarantines or the requirement of inoculations curbs one’s rights not to submit to them; the limitation of selling intoxicating beverages to those over 18 years of age limits both the seller and underage consumer; the enactment of legislation curbing the sale of pornographic literature is a further example of limitation of one’s rights.
I consider the enactment of legislation requiring the use of helmets as a reasonable exercise of police power. The preven *1066 tion of critical head injuries and possible thrusting of those so injured as a burden on society is sufficient in and of itself. The prevention of a motorcycle careening out of control and causing injury to innocent people as the result of an object striking a motorcycle operator in the head is further proof of the need for such a law. One only needs to refer to the comprehensive legislative study for a very adequate reason for the enactment of the section.
The defendant’s motion is denied and the case is set down for trial.