103 N.J. Super. 353 (1968)
247 A.2d 176
STATE OF NEW JERSEY, PLAINTIFF,
v.
LUIGI MELE, DEFENDANT.
Superior Court of New Jersey, Hudson County Court.
Decided October 17, 1968.
Mr. John Feeney, Assistant Prosecutor, for plaintiff (Mr. James A. Tumulty, Jr., Hudson County Prosecutor).
*354 Mr. Edward A. Dreskin for defendant (Messrs. Dreskin & Vitiello, attorneys).
DUFFY, (PAUL J.), J.C.C.
This is an appeal from a conviction in the Municipal Court of Jersey City. Defendant Mele was convicted of operating a motorcycle without wearing an approved protective helmet, in violation of N.J.S.A. 39:3-76.7. Defendant admits not wearing the helmet but asserts that his conviction should be reversed on the ground that the statute is unconstitutional because it does not seek to protect the general public but rather only the individual motorcyclist and is, therefore, not a legitimate exercise of the police power. Since there have been no decisions in New Jersey in regard to this, we must look to the decisions of other jurisdictions as well as to general principles of law for guidance.
Initially, defendant questions the effectiveness of such helmets and claims that the helmets in fact retard safety rather than improve it. Whether or not this is true need not be discussed here. The effectiveness or ineffectiveness of a statute to achieve its purpose does not affect its constitutionality.
Decisions in this area present a divergence of opinion as to the constitutionality of a statute requiring protective headgear for motorcyclists. Defendant relies heavily on a recent Michigan case, American Motorcycle Ass'n v. Davids, 158 N.W.2d 72 (Sup. Ct. 1968), which held unconstitutional a statute requiring motorcyclists to wear crash helmets because it had no relationship to the public health, safety or welfare. This appears to be the only case so holding. Cases reaching an opposite result are State ex rel. Colvin v. Lombardi, 241 A.2d 625 (R.I. Sup. Ct. 1968); Commonwealth v. Howie, 238 N.E.2d 373 (Mass. Sup. Jud. Ct. 1968), which approves Colvin and states that American Motorcycle is not persuasive; People v. Bielmeyer, 54 Misc.2d 466, 282 N.Y.S.2d 797 (Cty. Ct. 1967); People v. Schmidt, 54 Misc.2d 702, 283 N.Y.S.2d 290 (Cty. Ct. 1967), and *355 People v. Carmichael, 56 Misc.2d 388, 288 N.Y.S.2d 931 (Cty. Ct. 1968), which reversed a finding of unconstitutionality by a city court in 53 Misc.2d 584, 279 N.Y.S.2d 272 (1967). The city court decision was relied on by defendant himself as well as by the Michigan court in American Motorcycle.
The New York cases are most persuasive since the New York statute is virtually identical to N.J.S.A. 39:3-76.7. Section 381, subsection 6 of the Vehicle and Traffic Law of the State of New York, McKinney's Consol. Laws, c. 71, provides:
"It shall be unlawful, on and after January first, nineteen hundred sixty-seven, for any person to operate or ride upon a motorcycle unless he wears a protective helmet of a type approved by the commissioner. Such a helmet must be equipped with either a neck or chin strap and be reflectorized on both sides thereof. The commissioner is hereby authorized and empowered to adopt and amend regulations covering the types of helmets and the specifications therefor and to establish and maintain a list of approved helmets which meet the specifications as established hereunder."
Basically, the New York cases hold that the prevention of injury or death to a motorcyclist and to other users of the public highways is a valid exercise of the state's police power. I agree with this conclusion. At first glance, a requirement of protective headgear seems aimed only at protection of the individual. However, serious thought indicates otherwise. The general public has a right to be protected from the accidents which might result from a blow on the head received from objects kicked up from the highway. The blow, however slight, might be just enough to distract a motorcyclist and cause him to lose control and become a menace to other vehicles or pedestrians on the highway.
In addition, the state has an interest in attempting to protect people from the consequences of their own carelessness. The Defendant points out that although many states have passed laws requiring manufacturers to install seat belts in their automobiles, none requires that drivers use *356 them. This situation is clearly distinguishable; since the refusal to wear a seat belt will not cause a driver to become a menace to other users of the highways, it clearly is directed only at the individual and not at the general public.
Since the statute in question bears a reasonable, real and substantial relation to the public health, safety and welfare, it is constitutional as a valid exercise of the police power of the State of New Jersey. Therefore, since neither the facts nor anything else is in dispute, the conviction below must be affirmed.