**Ex parte William Donald SMITH.**

**No. 42029.**

Court of Criminal Appeals of Texas.

April 23, 1969.

Rehearing Denied June 18, 1969.

Thomas D. White, Marc Flatow, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Asst. Dist. Atty., Houston, Norman Suarez, Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

William Donald Smith was convicted in County Criminal Court at Law No. 4 of Harris County for violation of Art. 6701c–3 V.A.C.S. (Acts of the 60th Leg. (1967) Ch. 329, p. 788), and his punishment was assessed at a fine of $50.00. No appeal was perfected and appellant was taken into custody by the Sheriff of Harris County under capias.

Application for writ of habeas corpus was granted by Hon. John F. Onion, Jr., a Judge of this Court, returnable before Hon. Joseph M. Guarino, Judge of County Criminal Court at Law No. 4 of Harris County, directing that he hear any relevant evidence that might be offered and render such judgment as he found proper concerning the legality of appellant's confinement.[1]

The application granted by Judge Onion sought relief solely on the ground that the statute under which appellant was convicted was unconstitutional, for which reason the conviction was void and his restraint thereunder was illegal.

After hearing the application, the evidence offered and arguments of counsel, Judge Guarino found that appellant was legally restrained and denied relief. Appellant gave notice of appeal and has remained under bond in the sum of $100.00 allowed by Judge Onion and by Judge Guarino since the writ was issued.

The penal provisions of Art. 6701c–3, supra, under which appellant was convicted, are found in Sections 2 and 7, which read:

"Sec. 2. After December 31, 1967, no person may operate a motorcycle on a public street or highway of this state unless he wears protective headgear which has been approved by the Department of Public Safety, nor may any person carry a passenger on a motorcycle on a public street or highway of this state unless the passenger wears protective headgear which has been approved by the Department of Public Safety, nor may any person ride as a passenger on a motorcycle on a public street or highway of this state unless he wears a protective headgear which has been approved by the Department of Public Safety."

"Sec. 7. A person who violates Section 2 of this Act is guilty of a misdemeanor and upon conviction is punishable by a fine of not less than $10 nor more than $50."

Appellant attacks the constitutionality of Art. 6701c–3, supra, as (1) too vague and indefinite to be enforceable as a penal statute because the Department of Public Safety is given authority in other sections of said statute to change from time to time, and without notice to the public, what is required to comply with said statute;[2] (2)

---

1. Any district judge or judge of a county court, as well as any judge of the Court of Criminal Appeals, has jurisdiction to issue the writ and upon finding that the misdemeanor conviction is void, to grant relief. Ex parte Carswell, 395 S.W.2d 47.

2. *Section 3* of Art. 6701c–3, supra, relates to "Minimum safety standards for protective headgear" and provides: "The department shall prescribe minimum safety standards for protective headgear used by motorcyclists in this state in order to provide for the safety and welfare of

because the legislature has by said statute improperly delegated legislative authority to the Texas Department of Public Safety; (3) because it denies due process of law to appellant and other cyclists by depriving them of individual liberty without promoting a purpose beneficial to the public at large, and (4) because it denies appellant and other cyclists equal protection by imposing undue restrictions on appellant's one class of the motoring public without any salutary effect to the public at large.

Statutes such as Art. 6701c–3, supra, have been enacted in most of the states. The Michigan statute was held invalid by the Michigan Court of Appeals, Division 2, in American Motorcycle Association v. Davids, 158 N.W.2d 72, upon the holding that the statute has a relationship to the protection of the individual motorcyclist from himself, but not to the public health, safety and welfare.

The Michigan Court quoted from People v. Schmidt, 54 Misc.2d 702, 283 N.Y.S.2d 290, and People v. Bielmeyer, 54 Misc.2d 466, 282 N.Y.S.2d 797, in which the New York Statute was upheld and expressed the view that the reasoning was "obviously a strained effort to justify what is admittedly wholesome legislation."

The New York Statute was held invalid by a Court of Special Sessions in People v. Carmichael, 53 Misc.2d 584, 279 N.Y.S. 2d 272; and a New Orleans City Ordinance with similar provisions was held invalid by the Louisiana Court of Appeals (4th Circ.) in Everhardt et al. v. City of New Orleans, 208 So.2d 423, the opinion citing the New York case (People v. Carmichael, supra).

These cases cannot be deemed authority to support appellant's attack upon the Texas Statute.

People v. Carmichael, supra, was reversed and the New York Statute held valid in People v. Carmichael, 56 Misc. 2d 388, 288 N.Y.S.2d 931.

motorcycle operators and passengers. The department may adopt all or any part of the standards of the United States of America Standards Institute for protective headgear for vehicular users."

Section 4 relates to "Issuance of safety standards to manufacturers; applications for approval of protective headgear; hearing for manufacturers not complying with standards," and provides: "(a) The department shall make the safety standards it prescribes for protective headgear available to each manufacturer of protective headgear upon request of the manufacturer.

"(b) Any manufacturer of protective headgear may apply to the department, on an application form prescribed by the department, for approval of the design specifications of protective headgear. The application shall be accompanied by a deposit of $15 for each design or model to be approved.

"(c) The department shall grant an application for approval of protective headgear if the specifications for the headgear conform to the standards prescribed under Section 3 of this Act. The department may recognize the American Association of Motor Vehicle Administrators Certificate of Equipment Approval as evidence that the minimum standards prescribed by the United States of America Standards Institute have been satisfied.

"(d) When the department has reason to relieve that an approved style or make of headgear being sold commercially does not comply with the standards prescribed under Section 3 of this Act, the department, to determine compliance with the standards, may conduct a hearing as prescribed under Subsections (d) and (e), Section 108B, Chapter 303, Acts of the 54th Legislature, Regular Session, 1955 (Article 6701d, Vernon's Texas Civil Statutes)."

Section 5 relates to "List of approved protective headgear," and provides: "The department shall compile a list naming each style and make of protective headgear approved by the department and make the list available upon request to the public and to persons who sell protective headgear."

Section 6 relates to "Inspection of protective headgear by peace officers," and provides: "Any peace officer may stop and detain any motorcycle operator or passenger for the purpose of inspecting his protective headgear to determine if the headgear is of a style and make approved by the department."

In Everhardt v. City of New Orleans, supra, writ was granted by the Supreme Court of Louisiana. 252 La. 269, 210 So. 2d 508.

In addition to the New York cases, statutes such as Art. 6701c–3, supra, have been upheld in the following cases: State v. Lombardi, 241 A.2d 625 (Rhode Island); Commonwealth v. Howie, 238 N.E.2d 373 (Massachusetts); State v. Mele, 103 N.J. Super. 353, 247 A.2d 176 (New Jersey); Connecticut v. Burzycki, 37 Law Week 2448 (Conn.Cir.Ct.App.Div., 1/17/69); State v. Anderson, 3 N.C.App. 124, 164 S.E.2d 48 (North Carolina).

In the case last above cited, the Court of Appeals of North Carolina, no question was raised as to the beneficial effect and intended good purpose of the statute which read:

"No motorcycle shall be operated upon the streets and highways of this State unless the operator and all passengers thereon wear safety helmets of a type approved by the Commissioner of Motor Vehicles."

The court overruled the contention that such statute was unconstitutional in that it makes it a criminal offense for a person to fail to do an act the only result of which, so the defendant argued, is to reduce possible injuries to himself when this cannot be shown to be for the benefit of the public at large.

The opinion discusses and quotes from practically all of the cases from other state courts cited above and declined to agree with the holdings in American Motorcycle Association v. Davids and Everhardt v. City of New Orleans, supra.

We are in accord with the cases upholding the statute and adopt the following language of the opinion of Judge Parker in State v. Anderson, supra:

"At the outset, it must be recognized that as stated by Parker, J. (now C. J.) in State v. Hales, 256 N.C. 27, 122 S.E.2d 768, 90 A.L.R.2d 804:

" 'The Legislature, unless it is limited by constitutional provisions imposed by the State and Federal Constitutions, has the inherent power to define and punish any act as a crime, because it is indisputedly a part of the police power of the State. The expediency of making any such enactment is a matter of which the Legislature is the proper judge. However, the act of the Legislature declaring what shall constitute a crime must have some substantial relation to the ends sought to be accomplished.'

"Furthermore there is a presumption that any Act passed by the Legislature is constitutional and all reasonable doubts will be resolved in favor of the lawful exercise of their powers by the representatives of the people. The right of a citizen to travel upon the public highways is a common right, but it is clearly within the State's police power to regulate and control the manner of exercise of that right in the interest of public safety and welfare. Honeycutt v. Scheidt, 254 N.C. 607, 119 S.E.2d 777; Fox v. Scheidt, 241 N.C. 31, 84 S.E.2d 259. In the case before us we are called upon to decide, therefore, only whether the statute here under attack bears a substantial relation to the promotion of the welfare and safety of the general public as distinguished from the welfare solely of the individual riders of motorcycles who are most directly affected. We hold that it does.

"Death on the highway can no longer be considered as a personal and individual tragedy alone. The mounting carnage has long since reached proportions of a public disaster. Legislation reasonably designed to reduce the toll may for that reason alone be sufficiently imbued with

the public interests to meet the constitutional test required for a valid exercise of the State's police power. However, it is not necessary to invoke so broad a premise in order to find the statute here attacked to be constitutional."

We do not deem it necessary to discuss the evidence introduced at the hearing before Judge Guarino. Suffice it to say that there was no evidence to require a finding contrary to our holding that the statute was designed and intended to promote the welfare and safety of the general public as well as the cyclist, and bears a reasonable relationship to highway safety generally.

The contention that the statute imposes undue restrictions on one class of the motoring public without salutary effect to the public at large is overruled. No class issue is shown. Alobaidi v. State, Tex.Cr. App., 433 S.W.2d 440.

The delegation of authority by the legislature to the Department of Public Safety to promulgate rules and regulations capable of reasonable application which are necessary to carry out the purpose of the act does not render the statute void.

The statute requires that the standards set shall be made available to each manufacturer on request and that the Department of Public Safety compile a list naming each style and make of protective headgear approved and make it available upon request to the public and to all persons who sell protective headgear. The fact that the approved list may change by addition of other styles and makes of protective headgear does not render the statute void.

The judgment denying relief and remanding appellant to custody under capias pro fine is affirmed.