THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CARL L. HENNINGER, Defendant-Appellant.

(No. 12732;

Fourth District—May 22, 1975.

*Rehearing denied June 16, 1975.*

TRAPP, J., dissenting.

Peregrine, Stime, Henninger & Newman, Ltd., of Wheaton (Thomas M. Newman, of counsel), for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (Donald R. Parkinson, Assistant State's Attorney, and William D. Snapp, Law Student, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The defendant was charged with and convicted of riding as a passenger on a motorcycle without glasses, goggles or a transparent shield in violation of section 11—1404 of the Motor Vehicle Code. (Ill. Rev. Stat. 1973, ch. 95½, par. 11—1404.) After a finding of guilty in a bench trial, the defendant was fined $5 plus court costs. Upon this appeal, the only issue is the constitutionality of the cited section of the Motor Vehicle Code.

Our supreme court has held a prior statutory provision requiring the operator of a motorcycle to wear protective headgear to be unconstitutional. (*People v. Fries* (1969), 42 Ill.2d 446, 250 N.E.2d 149.) In *Fries* the court concluded that the statutory requirement of headgear was to safeguard the person wearing it, whether operator or passenger. The court expressly refrained from expressing an opinion upon the requirement of what was then section 92.03 of the Motor Vehicle Code (Ill. Rev. Stat. 1967, ch. 95½, par. 189c(b)) that required glasses, goggles or a transparent shield of both the operator or passenger on a motorcycle. Thus, the holding in *Fries* is not dispositive of the issue here presented.

An annotation in 32 A.L.R.3d 1270 (1970) discusses the headgear or goggles requirement for operators or passengers of motorcycles. The vast majority of the cases there collected sustained the statutory provision as a valid exercise of the police power. Such are sustained upon the grounds that it is a valid exercise of the police power to legislate for the promotion of the general health, safety and welfare. The cases point out that an operator-cyclist is particularly vulnerable to being struck by stones or other objects, thus endangering other users of the highway. In other instances, the statutory classification is sustained upon the theory that an injured operator or passenger might become a public charge, and in some instances the mere safety of the motorcyclist is assigned as a reason for sustaining its validity.

The courts in the following cases have upheld protective headgear requirements as reasonably related to the prevention of accidents and to the safety of the public. These cases have not discussed the issue of the burden of proof or required evidence to support the validity of the statutes:

> *State v. Also* (1969), 11 Ariz.App. 227, 463 P.2d 122; *Penney v. City of North Little Rock* (Ark. 1970), 455 S.W.2d 132; *State v. Burzycki* (Conn. App. 1969), 37 L.W. 2448, *appeal denied,* 158 Conn. 632, 252 A.2d 312; *City of Wichita v. White* (1970), 205 Kan. 408, 469 P.2d 287; *Commonwealth v. Coffman* (Ky.App. 1970), 453 S.W.2d 759; *Everhardt v. City of New Orleans* (1968), 253 La. 285, 217 So.2d 400, *appeal dismissed,* 395 U.S. 212, 23 L.Ed.2d 214, 89 S.Ct. 1775; *Commonwealth v. Howie* (1968), 354 Mass. 769, 238 N.E.2d 373, *cert. denied,* 393 U.S. 999, 21 L.Ed.2d 464, 89 S.Ct. 485; *State v. Edwards* (1970), 287 Minn. 83, 177 N.W.2d 40; *City of Jackson v. Lee* (Miss. 1971), 252 So.2d 897; *State v. Cushman* (Mo. 1970), 451 S.W.2d 17; *State v. Krammes* (1969), 105 N.J.Super. 345, 252 A.2d 223; *State v. Anderson* (1969), 275 N.C. 168, 166 S.E.2d 49; *State v. Odegaard* (N.D. 1969), 165 N.W.2d 677; *State v. Craig* (1969), 19 Ohio App.2d 29,

249 N.E.2d 75; *Elliott v. City of Oklahoma City* (Okla. Crim. App. 1970), 471 P.2d 944; *State v. Fetterly* (1969), 254 Ore. 47, 456 P.2d 996; *Commonwealth v. Arnold* (1969), 215 Pa. Super. 444, 258 A.2d 885; *State v. Lombardi* (1968), 104 R.I. 128, 241 A.2d 625; *Arutanoff v. Metropolitan Government* (1969), 223 Tenn. 535, 448 S.W.2d 408; *Ex Parte Smith* (Ct. Crim. App. Tex. 1969), 441 S.W.2d 544; *State. v. Acker* (1971), 26 Utah 2d 104, 485 P.2d 1038; *State v. Solomon* (1969), 128 Vt. 197, 260 A.2d 377; *State v. Laitinen* (1969), 77 Wash.2d 130, 459 P.2d 789; *Bisenius v. Karns* (1969), 42 Wis.2d 42, 165 N.W.2d 377. See also 64 Nw. U. L. Rev. 845 (1970).

In *Fries,* as we have noted, the court expressly rejected the contention that the statutory requirement for headgear could be sustained as a protection of the public. We note that there is no indication in *Fries* that there was any evidence introduced to show that the challenged statute was not a reasonable classification, and it does not appear that any evidence was introduced to sustain the legislative classification. In *Memorial Gardens Association, Inc. v. Smith,* 16 Ill.2d 116, 156 N.E.2d 587, *appeal dismissed,* 361 U.S. 31, 4 L.Ed.2d 98, 80 S.Ct. 121, the court noted:

"When the legislature has considered a problem and enacted legislation thereon, the act is presumptively a valid exercise of the [police] power and the burden rests upon the one assailing the statute to show that it is without reasonable basis and entirely arbitrary. [Citations.]" 16 Ill.2d 116, 123.

In this case the defendant, of course, argues that the purpose of the legislation requiring a passenger to wear protective goggles was to protect only the passenger and that under *Fries* the statute is invalid. The State argues that the statutory provision is designed to protect the public health and safety. This position is based upon the conclusion that a motorcycle is a delicately balanced vehicle, that a flying object or insect might strike the passenger in the eye, that the passenger might thereby disturb the driver and cause a loss of control of the motorcycle, endangering the operator, the passenger, and more' importantly the public. We take it to be the rule that the burden is upon the party challenging a statute's validity to show that there is no reasonable basis for the legislative action, that is, that the statute is not for the benefit of the public health, safety or welfare. If, of course, the statute is facially unconstitutional, there is no need for evidence to establish its invalidity. Where, however, it is arguable and the production of evidence could lead to a determination that the legislative classification was unreasonable, it is our conclusion that the burden is upon the contestant to produce such evidence. In this case the absence of such evidence leaves the

statute with the benefit of a presumption of validity which we are not required to reject. We cannot say that the statute is patently unconstitutional. Accordingly, the judgment of the circuit court of Champaign County is affirmed.

Judgment affirmed.

SIMKINS, P. J., concurs.

Mr. JUSTICE TRAPP, dissenting:

I dissent for the reason that a statute requiring a passenger on a motorcycle to wear goggles is unconstitutional within the rule of *People v. Fries*, 42 Ill.2d 446, 250 N.E.2d 149. Language in *Fries* correlates the safety of the public to the impairment of the vision of the cycle operator and is directed to reasonably apparent facts. As to a passenger on a motorcycle, such relationships of facts to public safety is not reasonably apparent.

The statutory requirement would be applicable to a passenger riding in a motorcycle sidecar, although the latter would have no access to the driving of the cycle. Common observation discloses that a passenger riding in a tandem position has his face behind the head or the shoulders of the operator, or the passenger's face is turned to the side. The possibility of particles flying into the eyes of a passenger in such position seems to be remote and the relationship of such hazard to the safety of the public is notably obscure.