**STATE of Maine**

v.

**James B. QUINNAM.**

Supreme Judicial Court of Maine.

Jan. 17, 1977.

Thomas A. Berry, Asst. Dist. Atty., Bath, for plaintiff.

James B. Quinnam, pro se.

Before DUFRESNE, C. J., and WEATHERBEE,* POMEROY, WERNICK and ARCHIBALD, JJ.

WERNICK, Judge.

After defendant James B. Quinnam had waived trial by jury, on October 9, 1975 the Justice presiding in the Superior Court (Sagadahoc County) found him guilty, as charged, of having operated a motorcycle

---

* WEATHERBEE, J., sat at argument but died before the opinion was adopted.

without protective headgear in violation of 29 M.R.S.A. § 1373.[1]

Defendant's appeal from the judgment of conviction attacks the constitutionality of that statute.

We deny the appeal.

■ We hold without merit the first facet of defendant's attack:—that 29 M.R.S.A. § 1373 violates the constitutional guarantee of due process of law.

It would be reasonable for the Legislature to believe: (1) a motorcycle, as an unenclosed vehicle, leaves its operator exposed and highly vulnerable to objects kicked up from roadways or falling from trees; (2) only a slight blow to the exposed head of the operator of a motorcycle, as a delicately balanced vehicle frequently driven at high speeds, can cause the operator to lose control of the vehicle's operation; and (3) the wearing of protective headgear tends to reduce such potential dangers to proper control over the operation of motorcycles. These facts, fairly attributable to the knowledge of the Legislature, establish that the requirement that motorcyclists shall wear protective headgear has rational relationship to the furtherance of the Legislature's legitimate police power interest to promote the public safety and, therefore, comports with the constitutional mandate of due process of law. *State ex rel. Colvin v. Lombardi,* 104 R.I. 28, 241 A.2d 625 (1968); *State v. Fetterly,* 254 Or. 47, 456 P.2d 996 (1969); *Bisenius v. Karns,* 42 Wis.2d 42, 165 N.W.2d 377, app. dismd. 395 U.S. 709, 89 S.Ct. 2033, 23 L.Ed.2d 655 (1969); *State v. Anderson,* 275 N.C. 168, 166 S.E.2d 49 (1969); *People v. Bielmeyer,* 54 Misc.2d 466, 282 N.Y.S.2d 797 (1967); *State v. Mele,* 103 N.J.Super. 353, 247 A.2d 176 (1968).

■ Also unconvincing is defendant's argument that the statute invidiously discriminates against motorcyclists in violation of the constitutional guarantee of the "equal protection of the laws." The Legislature had warrant to believe: (1) a motorcycle provides much less protection and stability for its operator than an enclosed four-wheeled motor vehicle; and (2) the speed and power capability of a motorcycle is far greater than that of an unmotorized bicycle. Hence, when a motorcycle is operated by a person lacking protective headgear, the dangers to the safety of the public greatly exceed those arising when an unhelmeted person operates either an enclosed four-wheeled motor vehicle or an unmotorized bicycle. Since there is thus rational basis for its action, the Legislature does not invidiously discriminate in requiring motorcyclists to wear protective headgear without imposing a similar requirement upon the operator of enclosed four-wheeled vehicles or unmotorized bicycles. *State v. Cushman,* 451 S.W.2d 17 (Mo. 1970); *Commonwealth v. Arnold,* 215 Pa. Super. 444, 258 A.2d 885 (1969).

■ Defendant fails in his additional claim that the protective headgear statute abridges the constitutional guarantee of freedom of speech. The essence of the activity of operating a motorcycle is not "speech." If it happens to be utilized to express an idea, such fortuitous "speech" overlay does not deny to the State the right to exercise its police power reasonably to regulate the predominant "nonspeech" facets of the conduct of operating a motorcycle. *United States v. O'Brien,* 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968). Thus, notwithstanding that the operation of a motorcycle may be the means of making a communicative statement, there is no violation of the constitu-

---

1. The statute provides:
 "Every person operating a motorcycle or motor driven cycle, or riding as a passenger on a motorcycle or motor driven cycle or in a sidecar attached to a motorcycle or motor driven cycle shall wear protective headgear conforming with such minimum standards of construction and performance as the Commissioner of Transportation may prescribe."

tional guarantee of freedom of speech when, as here, the predominantly "non-speech" facets of the activity are subjected to regulations reasonably calculated to promote the safety of the public's use of the highways. See: *Bisenius v. Karns*, supra.[2]

 Finally, there is no merit in defendant's claim that the protective headgear statute impairs his constitutionally guaranteed right to travel. The constitutional protection of a right to travel from state to state is not contravened when a State enacts and enforces reasonable regulations to promote public safety. See: *Love v. Bell*, 171 Colo. 27, 465 P.2d 118 (1970); *Bibb v. Navajo Freight Lines*, 359 U.S. 520, 79 S.Ct. 962, 3 L.Ed.2d 1003 (1959).

The entry is:

*Appeal denied.*

All Justices concurring.

DELAHANTY, J., did not sit.

**2.** In *California v. LaRue*, 409 U.S. 109, 117, 93 S.Ct. 390, 396, 34 L.Ed.2d 342 (1972) the Supreme Court of the United States observed:

"[A]s the mode of expression moves from the printed page to the commission of public acts that may themselves violate valid penal statutes, the scope of permissible state regulations significantly increases."