

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

August 10, 1977

Honorable Tom O'Connell
District Attorney
McKinney, Texas 75069

Opinion No. H-1039

Re: Whether a bank's service as county deposi-tory constitutes branch banking when the bank is located outside the county seat.

Dear Mr. O'Connell:

You have requested our opinion regarding the constitu-tionality of article 2553, V.T.C.S. That statute provides:

> If any depository selected by the Commis-sioners Court be not located at the seat of such county, said Commissioners Court may in its discretion require said depository to file with the county treasurer of such county a statement designating the place at said county seat where, and the person by whom, all deposits may be received from the treasurer for such depository, and where and by whom all checks will be paid, said person to be approved by the Commis-sioners Court; and such depository shall cause every check to be paid upon presen-tation or upon presentation at the expira-tion of the period of notice in the case of "time deposits" at the place so desig-nated so long as the said depository has sufficient funds to the credit of said county applicable to its payment.

It has been suggested that the designation of such a place where "deposits may be received" and "all checks will be paid" may contravene the constitutional prohibition against branch banking. Article 16, section 16 of the Texas Constitution provides, in pertinent part:

> The Legislature shall by general laws,
> authorize the incorporation of corporate
> bodies with banking and discounting priv-
> ileges, and shall provide for a system of
> State supervision, regulation and control
> of such bodies which will adequately pro-
> tect and secure the depositors and credi-
> tors thereof.
>
> . . .
>
> Such body corporate shall not be autho-
> rized to engage in business at more than
> one place which shall be designated in
> its charter.

See also article 342-903, V.T.C.S., which implements the con-
stitutional provision.  By virtue of these provisions branch
banking is illegal in Texas.

In Great Plains Life Insurance Co. v. First National Bank
of Lubbock, 316 S.W.2d 98 (Tex. Civ. App. -- Amarillo 1958, writ
ref'd n.r.e.), the court held that a bank may provide drive-in
window service without running afoul of the constitutional
prohibition:

> [A] branch bank . . . is a separate
> entity and deposits made in a branch bank
> are payable there and only there unless
> the branch bank be closed on demand for
> the payment by the depositor be refused,
> then the demand for payment will be against
> the mother bank.  Branch banks are not
> mere teller's windows.

Id. at 104.  The court concluded that drive-in teller's
windows are "a part of [the] bank and are not branch banks. . . ."
Id.  Likewise, in Letter Advisory No. 96 (1975), we held that
drive-in facilities might be connected to the main bank by
means of closed circuit television.  In such an instance, the
bank's business continues to be conducted in "'one place'
within the meaning of section 16, so long as the drive-in
facility is limited to teller services."  Id. at 3.

In our opinion, article 2553 does not authorize a bank
to engage in any activity beyond that approved in Great Plains,
supra.  The statute requires only that the bank's facility
at the county seat receive deposits and pay checks -- services
generally available at a teller's window.

Furthermore, it may be questioned whether the activities described in article 2553 require a bank to "engage in business," within the meaning of the constitutional prohibition. The services authorized by the statute are limited to county fiscal matters and are not available to the general public.

Finally, it is well established that every statute carries a strong presumption of constitutionality and that all reasonable doubts are to be resolved in favor of its validity. Smith v. Davis, 426 S.W.2d 827, 831 (Tex. 1968); Ex parte Smith, 441 S.W.2d 544, 547 (Tex. Crim. App. 1969). A statute should not be declared unconstitutional unless it is plainly invalid. Maud v. Terrell, 200 S.W. 375, 376 (Tex. 1918). We believe that the courts would harmonize the provisions of article 2553 with the requirements of article 16, section 16. Accordingly, it is our opinion that a bank located outside a county seat may designate a facility for receipt and payment of county funds at the county seat, pursuant to article 2553, without thereby violating the constitutional prohibition against branch banking.

### S U M M A R Y

A bank located outside a county seat may designate a facility for receipt and payment of county funds at the county seat, pursuant to article 2553, V.T.C.S., without thereby violating the constitutional prohibition against branch banking.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst