## DOLLAR *v.* STATE.

### Opinion delivered May 8, 1922.

1. INTOXICATING LIQUORS—DENOMINATION OF OFFENSE IN INSTRUCTION.—Where an indictment charged the unlawful sale of alcoholic liquors a denomination of the crime in an instruction as a charge for selling Jamaica ginger was not prejudicial error where the uncontradicted evidence showed that accused sold Jamaica ginger containing 93 per cent. alcohol.

2. CRIMINAL LAW—INSTRUCTION—DISPUTED QUESTION.—In a prosecution for selling alcoholic liquors, an instruction describing the article sold as Jamaica ginger was not objectionable as taking from the jury a disputed question of fact where the uncontradicted evidence showed that accused sold Jamaica ginger containing 93 per cent. alcohol.

3. CRIMINAL LAW—INSTRUCTION—HARMLESS ERROR.—In a prosecution for selling "alcoholic, vinous, malt, spirituous and fermented liquors," an instruction that it was immaterial whether Jamaica ginger sold by defendant was intoxicating, if it contained alcohol and was sold as a beverage, if erroneous, was not prejudicial where the undisputed evidence showed that the liquor sold contained 93 per cent. of alcohol.

4. CRIMINAL LAW—REFUSAL OF REQUESTED INSTRUCTIONS—PREJUDICE.—Requested instructions were properly refused where the instructions given embraced everything of a material nature embraced in the request.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; affirmed.

*John D. DeBois,* for appellant.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

HUMPHREYS, J.    Appellant was indicted in the White Circuit Court under section 6160 of Crawford & Moses' Digest for unlawfully and feloniously selling and being interested in the sale of alcoholic, vinous, malt, spirituous and fermented liquors and compounds and preparations thereof, commonly called tonics, bitters and medicated liquors.    At the January, 1922, term of the court he was tried and convicted of the crime charged, and adjudged to serve a term of one year in the State Penitentiary as punishment therefor.    From the judgment of conviction an appeal has been duly prosecuted to this court.

The undisputed testimony showed that appellant sold a great deal of Jamaica ginger containing 93 per cent. alcohol to various parties, who drank it as a beverage. He admitted on cross-examination that he thought the parties bought it from him to drink.    The entire proof was directed to the sale of Jamaica ginger, and no other kind of liquors or preparation or compounds thereof.

Appellant first insists that the court committed reversible error in his instructions by denominating the crime alleged in the indictment as a charge for selling Jamaica ginger, when, in fact, the indictment did not specifically charge appellant with selling Jamaica ginger, but, on the contrary, charged him with selling alcoholic, vinous, malt, spirituous and fermented liquors and preparations and compounds thereof.    The language of the indictment was broad enough to include any compound or preparation adapted to use as a beverage which contained any of said liquors, and as the undisputed proof showed that appellant sold Jamaica ginger containing 93 per cent. alcohol he was not prejudiced by the court's reference to the crime charged as being a charge for selling Jamaica ginger.    In specifically denominating the charge as being one for selling Jamaica ginger the court did not inject into the indictment a different charge from

the one alleged, as the sale of Jamaica ginger containing 93 per cent. of alcohol was embraced in the general charge. Neither did the court, by the reference, take from the jury any disputed question of fact, as suggested by appellant. The fact was undisputed that appellant sold Jamaica ginger which contained 93 per cent of alcohol.

Appellant's next insistence is that the court committed reversible error in instructing the jury that it was immaterial whether the Jamaica ginger sold by appellant was intoxicating if it contained alcohol and was sold by him as a beverage. This instruction in nowise prejudiced the rights of appellant because, under any construction which might be given the statute under which appellant was indicted, a sale of a compound or preparation containing 93 per cent. of alcohol was unlawful.

Appellant's last insistence for reversal is that the court erred in refusing to give appellant's requested instructions 1, 2, 3, 4, 6, 7, 8 and 9. Appellant has not pointed out in his argument the particular errors claimed to have been committed by the court in refusing his requests. He contents himself with the suggestion that the court erred in not giving them. We are unable to discover any material matters contained in the requested instructions which were not covered in the instructions given by the court.

No error appearing in the record, the judgment is affirmed.