WILLIAM McKAIG, d/b/a BILL McKAIG MOTOR COMPANY ET AL., Appellants, v. KANSAS CITY, MISSOURI, a Municipal Corporation, ET AL., Respondents, No. 43474—256 S. W. (2d) 815.

Court en Banc, March 9, 1953.

Rehearing Denied, April 13, 1953.

·Robert M. Murray and Charles V. Garnett for appellants.

*David M. Proctor,* City Counselor, and *Byron E. Mintonye,* Assistant City Counselor, for respondents.

TIPTON, J.—The appellants are engaged in the business of selling automobiles in Kansas City, Missouri. They filed this action in the circuit court of Jackson County to enjoin the respondents, Kansas City, its mayor, William E. Kemp, and its chief of police, Bernard Brannon, from enforcing the provisions of Ordinance Number 15794, enacted by the city council on August 22, 1952, for the reason that this ordinance is unconstitutional. This ordinance prohibits any dealer from keeping open his place of business for the purpose of selling or trading automobiles on Sunday and six named national holidays. After a hearing the trial court sustained respondents' motion to dismiss, dissolved the temporary restraining order that had been granted and denied appellants' application for a permanent injunction. From this decree appellants duly appealed to this court.

The ordinance in question reads:

"Section 37-95. MOTOR CAR SALES PLACES—CLOSING ON SUNDAYS AND LEGAL HOLIDAYS. No person, firm or corporation, whether owner, proprietor, agent or employee, shall keep open, operate or assist in keeping open or operating any place or premises or residences, whether open or inclosed, for the purpose of selling, bartering or exchanging, or offering for sale, barter or exchange, any motor vehicle, or motor vehicles, whether new, used or second-hand, on the first day of the week, commonly called Sunday, and also on the following national legal holidays, namely: New Year's Day, Decoration Day, Fourth of July, Labor Day, Thanksgiving Day and Christmas Day."

The second section of this ordinance merely provides for the penalty to be imposed upon violation of the first section.

Respondents contend this ordinance is a valid exercise of its police power. The laws of this state that prohibit work on Sunday "are civil, not religious regulations, and are based upon a sound public policy which recognizes that rest one day in seven is for the general good of mankind. [Hennington v. Georgia, 163 U. S. 299-304.] Those laws are sustained as civil, municipal or police regulations,

without reference to the fact that the day of rest is also the Christian's day of rest and worship." State v. Chicago, Burlington & Quincy Railroad Company, 239 Mo. 196, l.c. 209, 143 S. W. 785.

Appellants in their brief frankly admit that Kansas City, both under its charter and under its general police power, does have authority to provide for the general welfare of the inhabitants by proper ordinances relating to Sunday closing of places of business. But appellants do contend that the ordinance before us is void because it is a special law and, therefore, violates Article III, Section 40 of our state constitution. That section reads: "The general assembly shall not pass any local or special law: * * * (30) where a general law can be made applicable, and whether a general law could have been made applicable is a judicial question to be judicially determined without regard to any legislative assertion on that subject."

"We pointed out, in City of Springfield v. Smith, 322 Mo. 1129, 19 S. W. 2d 1, 3, that there are only 'three other states, viz. Minnesota, Kansas, Michigan, which have constitutional provisions expressly making the determination of the question of whether a general law can be made applicable a judicial question.' As also pointed out in that case 'the above constitutional inhibition applies to city ordinances as well as to state laws.' " Laclede Power & Light Co. v. City of St. Louis, 353 Mo. 67, 182 S. W. 2d 70, l.c. 72.

Therefore, in determining whether a statute or an ordinance is a special or general law, except for the above named states, authorities of other states are of little value.

In the case of City of Springfield v. Smith, supra, the city of Springfield had passed an ordinance which prohibited any person from keeping open any theatre, playhouse or any other place where theatrical performances, vaudeville shows or moving picture exhibitions were shown on Sunday.

In ruling that the ordinance was invalid, we said (19 S. W. 2d, l.c. 5-6):

"The demands of the organic law are satisfied if all similarly situated are included and none are omitted whose relationship to the subject-matter cannot by reason be distinguished from that of those included.

"The general classification of all activities may fall into many subclassifications, viz. *the operation of stores and general trade,* the operation of public amusement businesses, the engaging in labor, the engaging in sports, games, hunting, etc. Legislation has been upheld which embraced all or a part of the above-named classified activities. The occurrence of any of the above-mentioned classes of activities may in varying degrees, disturb the day set aside for public rest. * * *

"We are not here so much concerned with determining how many activities which threaten to disturb the subject-matter sought to be

protected could or might be included in the one piece of legislation, but our problem of instant concern is whether some have been omitted from the ordinance now involved which it would be clearly unreasonable and arbitrary to omit. * * *

"The question at once arises, Why was there an omission from the ordinance of the keeping open and operation of such public amusement businesses as concerts, circuses, amusement parks, public halls, sparring exhibitions, wrestling exhibitions, and like public amusement businesses, which under its charter (section 7976, Rev. St. 1919) the city of Springfield also had the power to regulate?

"Each and all of the public amusement businesses above enumerated, but omitted from the operation of the ordinance, affect the permissible subject-matter of this legislation in very much the same way. The keeping open and operation of each requires similar labor activities, each furnishes to the public for a consideration an opportunity for excitement and entertainment, and each is sufficiently attractive to induce large portions of the public to attend, and each is fairly and reasonably comparable with theaters, vaudeville shows, and moving picture exhibitions in their possibilities of disturbing a day of rest. We find no reason which would justify the regulation of one in this regard which will also not apply with equal force to the others. They all appear to be similarly situated with reference to the permissible subject-matter sought to be dealt with by the ordinance." (Italics ours.)

"In Reals v. Courson, 349 Mo. 1193, 164 S. W. 2d 306, 307, we stated the definition and tests of a special law thus: 'A statute which relates to persons or things as a class, is a general law, while a statute which relates to particular persons or things of a class is special * * *.'

" ' "The test of a special law is the appropriateness of its provisions to the objects that it excludes. It is not, therefore, what a law includes, that makes it special, but what it excludes." * * *'

" 'If in fact the act is by its terms or "in its practical operation, it can only apply to particular persons or things of a class, then it will be a special or local law, however carefully its character may be concealed by form of words." ' " Laclede Power & Light Co. v. City of St. Louis, supra, 182 S. W. 2d, l.c. 72.

The ordinance before us excludes all persons engaged in the business of selling all commodities and all merchandise except automobiles. In other words, it excludes all persons engaged in the business of selling television sets, radios, phonographs, refrigerators, washing machines, electric and gas ranges and heaters, trailers, [818] golf equipment, furniture, hardware, clothing and many other articles.

Do not the citizens of Kansas City who sell the above named articles of merchandise need the same rest on Sundays as the persons engaged in the business of selling automobiles?

Do not the customers of the people who sell the above named articles of merchandise need the same rest on Sundays as the customers who buy from an automobile dealer?

Is not the police surveillance the same at the place where the above named articles of merchandise are sold as the place where automobiles are sold?

Of course, these questions answer themselves.

There is no reasonable basis for singling out those people who are engaged in the business of selling automobiles and excluding those people who sell the above enumerated articles of merchandise who are permitted to keep open their places of business on Sundays and the six named holidays.

Respondents cite the case of Rosenbaum v. City and County of Denver, 81 Pac. 2d 760, where the Colorado Supreme Court held valid a similar ordinance to the one before us. But we have already pointed out that the Colorado constitution is different from our constitution in that the Colorado constitution does not make the question of whether a statute or ordinance is a special or general one a judicial question. Therefore, that case is of little or no value as an authority for us.

Respondents also rely upon our case of Komen v. City of St. Louis, 316 Mo. 9, 289 S. W. 838, where we held valid a city ordinance of the city of St. Louis that prohibited any baker or bakeshop keeper from selling bakery goods after 9 o'clock A. M. on Sundays. There were many constitutional questions raised against that ordinance, but on the question as to whether it was void as special legislation, this is all we said (289 S. W., l.c. 843):

"The contention is also made that the ordinance is void as special legislation. In a number of cases here and elsewhere ordinances of the character of that under review have been held not to be special to the extent of impinging upon the organic law. This subject has been learnedly discussed by Gantt, J., in the DeLassus Case, in which State v. Granneman, 132 Mo. 326, 33 S. W. 784, is discussed and distinguished as not announcing generally the correct rule in regard to the classification of ordinances of this character. See cases cited in the DeLassus opinion."

Our case of City of St. Louis v. DeLassus, 205 Mo. 578, 104 S. W. 12, involved the validity of an ordinance of the city of St. Louis which prohibited any keeper of a meat shop from selling meat after 9 o'clock A.M. on Sunday. We held the ordinance valid. In so doing, we said (205 Mo., l.c. 586):

"Equally well established by the great weight of authority in this country is the doctrine that for good reasons, distinctions not purely

arbitrary, exceptions may be made to a general act of the Legislature or a municipal ordinance without infringing the constitutional inhibition against special or class legislation.''

We do not think this statement is in line with our later cases. It ignores our constitutional provision that makes this a judicial question and apparently relies upon authority of other states whose constitutions are different from our constitution.

In Hull v. Baumann, 345 Mo. 159, 131 S. W. 2d 721, l.c. 725, we said:

'' 'The basis of sound legislative classification is similarity of situation or condition with respect to the feature which renders the law appropriate and applicable. A law may not include less than all who are similarly situated. If it does, it is special, and therefore invalid, because it omits a part of those which in the nature of things the reason of the law includes.' State ex inf. Barrett v. Hedrick, 294 Mo. 21, 241 S. W. 402, loc. cit. 420.''

To the same effect, see City of Springfield v. Smith, supra, Reals v. Courson, supra, and Laclede Power & Light Co. v. City of St. Louis, supra.

It follows that the judgment of the trial court should be reversed and the cause remanded with directions to the trial court to enter a new judgment in conformity with this opinion. It is so ordered. All concur.