**UNITED STATES ex rel. Audrey Joan CZAPKOWSKI, Appellant.**

v.

**John W. HOLLAND, District Director of Immigration and Naturalization for the Fourth District.**

**No. 11469.**

United States Court of Appeals, Third Circuit.

Argued March 10, 1955.

Decided March 24, 1955.

Filindo B. Masino, Philadelphia, Pa., for appellant.

Joseph L. McGlynn, Jr., Asst. U. S. Atty., Philadelphia, Pa. (W. Wilson White, U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before McLAUGHLIN, STALEY and HASTIE, Circuit Judges.

PER CURIAM.

In this habeas corpus proceeding to test the validity of a deportation order, it is clear that the Attorney General did not abuse his discretion in determining under 8 U.S.C.A. § 1251(a) (5), Section 241(a) (5) of the Immigration and Nationality Act of June 27, 1952, 66 Stat. 204, that the appellant had not established that her failure to furnish notification of her address "was reasonably excusable or was not willful."

Nor do we find any merit in the contentions that the above statute lacks sufficiently definite standards to justify deportation and that it is so vague as to be unconstitutional. The tests of reasonableness and willfulness when applied in a statute to a specific act, as they are here, have been held repeatedly by the Supreme Court to be constitutionally valid standards. United States v. Spector, 1952, 343 U.S. 169, 72 S.Ct. 591, 96 L.Ed. 863; United States v. Ragen, 1942, 314 U.S. 513, 62 S.Ct. 374, 86 L.Ed. 383; United States v. Shreveport Grain & Elevator Co., 1932, 287 U.S. 77, 53 S.Ct. 42, 77 L.Ed. 175; Union Bridge Co. v. United States, 1907, 204 U.S. 364, 27 S.Ct. 367, 51 L.Ed. 523. See also Jordan v. De George, 1951, 341 U.S. 223, 231–232, 71 S.Ct. 703, 95 L.Ed. 886.

The order of the district court of October 15, 1954 will be affirmed.