NEW JERSEY TURNPIKE AUTHORITY, PLAINTIFF-APPEL-
ANT, v. E. W. SAYBOLT & COMPANY, INC., A CORPORA-
TION OF THE STATE OF DELAWARE AUTHORIZED TO
DO BUSINESS IN THE STATE OF NEW JERSEY, *ET AL.*,
DEFENDANTS-RESPONDENTS.

Argued March 4. 1968—Decided April 1, 1968.

*Mr. Joseph R. Postizzi* argued the cause for appellant (*Mr. Grover C. Richman, Jr.*, attorney).

*Mr. Walter Goldberg* argued the cause for respondent E. W. Saybolt & Company, Inc. (*Messrs. Goldberg and Carlin,* attorneys).

The opinion of the court was delivered

PER CURIAM. Plaintiff, New Jersey Turnpike Authority, deposited with the Clerk of the Superior Court the sum it estimated to be just compensation due defendant for lands it sought to condemn. Defendant withdrew the deposit, but the Clerk withheld the fees the Clerk was entitled to charge for handling the deposit pursuant to *N. J. S. A.* 22A:2–20. The issue is whether the Clerk's charge falls upon the condemning agency or the condemnee. The trial court held in favor of the condemnee. The Turnpike Authority appealed to the Appellate Division and we certified the appeal before argument there.

This is not a case in which money was deposited in court because the interpleader was unable to determine which of several claimants was entitled to receive it. See *State v. Pellini,* 75 *N. J. Super.* 161 (*App. Div.* 1962). Rather the deposit was made to serve the interests of the Turnpike Authority, to enable it to obtain immediate possession of defendant's property. The statute requires the deposit with the declaration of taking. *N. J. S. A.* 27:23–5(j). The Turnpike Authority says the charge against it constitutes an award of "costs" for which there is no precedent. The issue is not one of "costs." Defendant owner does not seek to recover as "costs" a sum the owner paid the Clerk. See *Sweeney v. Board of Review, Div. of Employment Sec.,* 43 *N. J.* 535, 542–544 (1965). Defendant owner paid nothing. Rather the Turnpike Authority, which paid the moneys into court, seeks to impute to the defendant, as if paid by the defendant, so much of the deposit as equals the Clerk's "fees," and then to block recovery of that charge on the ground that such recovery would be an unauthorized assessment of "costs" against an agency of government. The true question is whether the Clerk's fee was ever chargeable against the

owner of the property being condemned. The statute does not purport to place the burden upon the property owner. Under the statute it must be deemed to be an expense the Turnpike Authority incurs in pursuing its own ends. We need not consider whether the charge could be made against the condemnee in these circumstances without running afoul of the constitutional requirement for just compensation.

The Turnpike Authority seeks to rely upon *L*. 1966, *c*. 155, § 1, which amended *N. J. S. A.* 27:7–22 to provide for the payment by the Clerk "without deduction of any fees or commissions" of moneys deposited in a State Highway condemnation proceeding.. The amendment by no means suggests that the burden of the Clerk's charge theretofore fell on the condemnee. The amendment is equally agreeable with the thesis that the burden had been on the Highway Department and that the Legislature decided to relieve that State arm of the obligation to pay the Clerk of a state court for the services rendered. That is a matter of policy which the Legislature of course could extend to the Turnpike Authority if it wished, but we see nothing in that amendment to warrant a holding that in its absence the dollar impact would befall the owner of the property condemned.

The judgment is affirmed.

*For affirmance* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal* — None.