STATE of Missouri, Respondent,

v.

William Bradford CUSHMAN, Appellant.

No. 54660.

Supreme Court of Missouri,
Division No. 1.

March 9, 1970.

John C. Danforth, Atty. Gen., Walter W. Nowotny, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

Jack E. Gant, John J. Hager, Gant, Moran & Hager, Kansas City, for appellant.

HOUSER, Commissioner.

This is an appeal by William Bradford Cushman from the judgment of the circuit court affirming a judgment of conviction in the magistrate court and a sentence to pay a $5 fine for violation of § 302.020, subd. 3, V.A.M.S., which requires that every person operating or riding as a passenger on any motorcycle upon any highway of this state wear protective headgear at all times and provides that "The protective headgear shall meet reasonable standards and specifications established by the director" of revenue. The constitutionality of paragraph 3 of § 302.020 was challenged in the magistrate court. The question was preserved in the circuit court and is now before this court for final determination.

Paragraph 3 is said to violate the Fourteenth Amendment to the Constitution of the United States and Article I, § 10 of the Constitution of Missouri 1945, V.A.M.S., by denying this defendant due process of law. It is contended that in its very nature it is an excessive use of and is not fairly referable to the police power; that the police power must be exercised with scrupulous regard for private rights and only for the furtherance of the public good and welfare and if otherwise exercised the exercise will be stricken down. Conceding that the test is reasonableness appellant argues that the compulsory helmet statute violates the foregoing principles; that the regulation is imposed on the cyclist solely for the protection of the cyclist's personal safety and not for the safety, well-being or benefit of other members of the public at large; that it requires the cyclist to purchase at his own expense an article of personal wearing apparel to qualify for use of his own personal property; that in attempting to protect the motorcyclist from cranial injury the section draws an unreasonable distinction between operators of or passengers on motorcycles and operators of and passengers in automobiles. Appellant urges that the operator of a motorcycle has a constitutional right to determine what apparel he wears and what means he will employ to protect himself from bodily harm incidental to the operation of a motorcycle, and that he has the fundamental right as an attribute of individual liberty to make this decision free from state compulsion.

■ In State v. Darrah, Mo.Sup., 446 S.W.2d 745, this court upheld the constitu-

tionality of § 302.020, subd. 3 against a challenge that it violates the Fourteenth Amendment of the Constitution of the United States and Article I, § 10· of the Constitution of Missouri. All questions raised here on this issue were raised in that case and determined adversely to the contentions of appellant. Without tiresome repetition we reaffirm the ruling that § 302.020, subd. 3 is not vulnerable to attack on this ground.

█ Next, paragraph 3 of § 302.020 is said to violate Article III, § 40(30), Constitution of Missouri 1945, prohibiting the General Assembly from passing any local ·or special law "where a general law can be made applicable, * * *." Appellant asserts that paragraph 3 makes an unreasonable classification in that the drivers of all vehicles except motorcycles are excluded from the operation of the section. Appellant suggests that the requirement of a · helmet to protect a driver from flying objects would afford the same protection to the driver of a convertible automobile or a bicyclist, but that these drivers are not required to wear helmets and therefore the paragraph is an unconstitutional "special" law. In support of his position appellant cites McKaig v. Kansas City, 363 Mo. 1033, 256 S.W.2d 815, holding unconstitutional a city ordinance prohibiting automobile dealers from keeping their places of business open on Sunday and six national holidays, and City of Springfield v. Smith, 322 Mo. 1129, 19 S.W.2d 1, holding unconstitutional as a special law a city ordinance requiring movie theatres to close on Sundays because it did not include other places of amusement.

█ In our judgment § 302.020, subd. 3 is not a special law within the constitutional inhibition against special laws. Clearly the General Assembly may make reasonable classifications of subjects notwithstanding some kind of a general law might be passed. State ex rel. Daily Record Co. v. Hartmann, 299 Mo. 410, 253 S.W. 991, 994, 995. A law which includes less than all who are similarly situated is special "because it

omits a part of those which in the nature of things the reason of the law includes." State ex inf. Barrett ex rel. Bradshaw v. Hedrick, 294 Mo. 21, 74, 241 S.W. 402, 420. A law is not special if it applies to all of a given class alike and the classification is made upon a reasonable basis. City of Springfield v. Smith, supra, 19 S.W.2d 1. c. 3 [2]; Marshall v. Kansas City, Mo.Sup., 355 S.W.2d 877, 93 A.L.R.2d 1012. The question is "whether it appears beyond a reasonable doubt that there are no distinctive circumstances appertaining to the class with respect to which it has legislated which reasonably justify its action in restricting the operation of the law to the persons * * * to which the law is made applicable." State ex inf. Barrett ex rel. Bradshaw v. Hedrick, supra, 241 S.W. 1. c. 420.

Motorcyclists are not similarly situated with automobilists or bicyclists. There are distinctive differences which justify the General Assembly in placing motorcyclists in a separate class and restricting the operation of the helmet law to them. The reasonableness of classifying them separately from operators of other vehicles has been recognized by courts of last resort in several states. People v. Fries, 42 Ill.2d 446, 250 N.E.2d 149, 150; State v. Anderson, 275 N.C. 168, 166 S.E.2d 49, 53; Everhardt v. City of New Orleans, 253 La. 285, 217 So.2d 400, 403. Motorcycles are different from bicycles in their mobility, power, speed, their use generally on main highways rather than on byways and sidepaths, in the exposure of their operators to the risks and hazards of the road, and in the danger they represent to the operation of other vehicles. Motorcyclists are subjected to greater danger of bodily injury than bicyclists, and are more likely to cause injury to others than are bicyclists. Likewise, motorcyclists are in a different situation from automobilists in that they are out in the open on a two-wheeled vehicle, with little or no protection from flying objects or collisions, whereas automobilists are partially surrounded and protected by metal framing, doorposts and shatterproof glass.

Motorcyclists are operating vehicles with far less stability than automobiles. They are more susceptible to injury and more likely to cause injury to others. Courts recognize the danger of flying stones or other objects coming from the wheels of moving vehicles, striking a blow on the head of the motorcyclist, endangering not only himself but causing injury or death to innocent third persons. People v. Schmidt, 54 Misc.2d 702, 283 N.Y.S.2d 290; People v. Newhouse, 55 Misc.2d 1064, 287 N.Y.S. 2d 713, 715. These considerations provide a reasonable basis for the requirement of headgear on all motorcyclists and nonrequirement of such protection for bicyclists and automobilists.

■ Finally, § 302.020, subd. 3 is said to violate Article I § 10 (which provides "That no person shall be deprived of life, liberty or property without due process of law") and Article II § 1 of the Constitution of Missouri 1945 (pertaining to the separation of the powers of government into three distinct departments), for the reason that the section allows the director of revenue to set the standards for the protective headgear with no rules, guidelines or restrictions except that the standards be "reasonable," thereby giving an administrative officer an arbitrary discretion. Appellant cites Lux v. Milwaukee Mechanics' Ins. Co., 322 Mo. 342, 15 S.W.2d 343, which held unconstitutional a city ordinance giving the superintendent of buildings "full discretionary powers of declaring to be a public nuisance, any building, any structure or part thereof" that is or has become unsafe as to fire or other causes under the general rule that "any ordinance which attempts to clothe an administrative officer with arbitrary discretion, without a definite standard or rule for his guidance, is an unwarranted attempt to delegate legislative functions to such officer, * * *." 15 S.W.2d l. c. 345 [3].

■ This point is without merit for the following reasons. While an executive officer may not be delegated the power to make and promulgate rules and regulations of a strictly and exclusively legislative nature the General Assembly, having established a sufficiently definite policy, may authorize an administrative officer to make rules, regulations or orders relating to the administration or enforcement of the law. In other words, administrative power, as distinguished from legislative power, constitutionally may be delegated by the General Assembly. Marsh v. Bartlett, 343 Mo. 526, 121 S.W.2d 737, 742 [5]. Long ago this concept was well stated by White, C. in State ex inf. Killiam ex rel. Higginbotham v. Colbert, 273 Mo. 198, 201 S.W. 52, 55 [6] as follows: "The Legislature may confer upon certain officers * * * power to carry out in detail the legislative will, to promulgate rules and regulations, to ascertain facts upon which the operation of a statute would depend, or carry through certain prescribed procedure by which to put in force certain statutes * * *." More recently this court en banc thus stated the rule: " * * * [T]he legislature may enact the basic purpose or rule, leaving matters of detail in administering the act to the board or executive, although an exercise of discretion by the latter may thus be involved [citing numerous decisions of this court and federal courts] * * *." State ex rel. Priest v. Gunn, Mo.Sup., 326 S.W.2d 314, 320 [1]. Examples of such delegation are legion. For instance, § 226.700 authorizes the state highway commission to promulgate "reasonable rules and regulations to implement" the sections relating to junkyards. Section 333.111 authorizes the state board of embalmers and funeral directors to "adopt and enforce rules and regulations for the transaction of its business and for standards of service and practice to be followed in the professions of embalming and funeral directing deemed by it necessary for the public good and consistent with the laws of this state." Section 304.720, subd. 2 directs the superintendent of the state highway patrol to "establish standards and procedures to be followed in the

making of inspections required by" the motor vehicle safety inspection laws. The test of "reasonableness" when applied in a statute to a specific act is a constitutionally valid standard. United States ex rel. Czapkowski v. Holland, 3 Cir., 220 F.2d 436.

In State ex rel. Colvin v. Lombardi, R.I., 241 A.2d 625, the statute requiring operators of motorcycles to wear helmets "of a type approved by the registrar" was assailed as so lacking in standards as to constitute an unlawful delegation of police power. The Supreme Court of Rhode Island upheld this as a constitutional delegation of power on the theory that the use of the word "helmet" is a word of art when it identifies with a specific use, and that when considered in context of the statute in question the word is a sufficiently definitive limitation on the registrar. The court continued, 241 A.2d, l. c. 627: "Were the registrar to misconceive the scope or purpose of his delegated authority, and so doing, promulgate rules and regulations unreasonably related to the legislative purpose, a different question would arise, but no such unwarranted exercise of power is asserted."

We conclude that § 302.020, subd. 3 establishes a sufficiently definite public policy; that it merely leaves to the director the administrative duty of filling in the details of the policy in implementation of the law; that the test of reasonableness is constitutionally valid in this context, and that persons aggrieved by the possibility that the director may adopt unwarranted standards and specifications would have a remedy in § 536.050 et seq., of the Administrative Procedure and Review Act.

Judgment affirmed.

WELBORN and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

SEILER, P. J., and HOLMAN, J., concur.

HENLEY, Alternate Judge, concurs in result.

STORCKMAN, J., not sitting.