Ed **RYDER, Dan Labrayere, Ray Labrayere, and John Givens, partners, formerly known as Earthmoving, Inc., a Missouri Corporation, and Henry Stealey and Dorothy Stealey, husband and wife, Plaintiffs-Appellants-Respondents,**

v.

The **COUNTY OF ST. CHARLES, a second class County, Defendant-Appellant-Respondent,**

and

The **City of Wentzville et al., Intervenors-Defendants-Appellants-Respondents.**

**No. 59820.**

Supreme Court of Missouri, En Banc.

June 14, 1977.

Plaintiffs-Appellants-Respondents' Motion for Rehearing Denied July 11, 1977.

Paul F. Niedner, St. Charles, for appellants.

Keith W. Hazelwood, St. Charles, for respondent.

FINCH, Judge.

This case was transferred here pursuant to opinion of the Missouri Court of Appeals, St. Louis District, in *Ryder v. County of St. Charles*, Nos. 36571, 36802 and 37025 (Mo. App., filed Sept. 21, 1976), and we decide it as though here on direct appeal.

St. Charles, a second class county, adopted a zoning plan pursuant to §§ 64.510 to 64.690 inclusive.[1] Under that plan certain land owned by plaintiffs (including land on which they had an option to purchase) was zoned A–1 (agricultural use). Plaintiffs, desirous of opening and operating an open cut limestone quarry on the 124 acre tract in question, filed with the county planning and zoning commission an application to change the zoning for this tract to M–2 (industrial). A majority of that commission voted in favor of the requested rezoning and recommended to the county court that it approve the change. Thereupon, the City of Wentzville and certain property owners owning land adjacent to the proposed quarry filed remonstrances, the effect of which was to require unanimous approval of the county court for the proposed zoning change to be adopted. The rezoning was denied when the county court voted 2–1 in favor of the change.

Plaintiffs sought review of the county court action by filing a petition for writ of certiorari in the circuit court. They added to that petition a second count seeking a declaratory judgment that plaintiffs' proposed use of the property as an open cut rock quarry could not be prohibited or regulated by St. Charles County by means of zoning regulations because § 64.560[2] exempts the recovery of natural resources by strip or open cut mining from the zoning which a second class county is authorized to adopt.

By sustaining a motion for summary judgment on Count I, the circuit court disposed of the petition for writ of certiorari adversely to plaintiffs. The case then proceeded on Count II which sought a declaratory judgment.

The City of Wentzville and the owners of property adjacent to the proposed quarry were permitted to intervene as defendants. All defendants then asserted by motions to dismiss and by their answers that § 64.560 does not limit the right of St. Charles County to zone the land in question because said statute is a special law which is violative of Mo.Const. art. III, § 40,[3] and, hence, unconstitutional.

In its findings and conclusions, the trial court stated that there is at least arguable logic in the position taken by the defendants in asserting unconstitutionality of § 64.560 but that it would be presumptive for a trial court to rule the section unconstitutional. That, he concluded, should be determined at the appellate level. Having so stated, the court held the section to be constitutional and, hence, a limitation on the power of St. Charles County to zone the land so as to affect the recovery of limestone therefrom by open cut mining.

The court then proceeded to construe § 64.560, in order to determine whether the activities proposed by plaintiffs would be permissible as constituting "the recovery of natural resources by strip or open cut mining." It held that the statutory language

1. All statutory references are to RSMo 1969 unless stated otherwise.

2. Sec. 64.560 provides as follows:

"That nothing herein shall affect the recovery of natural resources by strip or open cut mining; *provided that commercial structures shall* be permitted in all districts except those zoned for residential or recreational use. (L.1951 p. 406 § 18)"

3. Mo.Const. art. III, § 40, provides in pertinent part as follows:

"The general assembly shall not pass any local or special law: * * * (30) where a general law can be made applicable, and whether a general law could have been made applicable is a judicial question to be judicially determined without regard to any legislative assertion on that subject."

would permit plaintiffs to strip the overburden above the limestone deposits, to drill and blast the limestone rock, to use heavy machinery to transport the resulting shotrock to a primary crusher located in the quarry pit and finally to further crush and screen the rock to various finished sizes of commercial value. All of these things, said the court, which constitute integral parts of the recovery of the natural resource limestone, would be within the purview of the exemption established by § 64.560 and could be performed on the premises. However, the court held that the plan of plaintiffs to stockpile the various finished products on the site and sell them from a building built to serve as a quarry office, sales office and scale office would not be an integral or permissible part of the recovery of the natural resource. Instead, those activities would constitute a commercial operation of selling the finished products. Accordingly, the court ruled that the products would have to be hauled to some other location and stockpiled there.

Defendants appealed from the judgment that § 64.560 is constitutional and that St. Charles County may not zone against the quarrying operation proposed by plaintiffs. Plaintiffs appealed from that portion of the judgment which denies them the right to stockpile the limestone on the site and then sell it from that location. No appeal was taken from the summary judgment entered as to Count I.

### *Do defendants have standing to attack the constitutionality of § 64.560?*

■ A threshold issue raised by plaintiffs is their contention that constitutionality of § 64.560 may not be considered in this case for the reason that none of the defendants have standing to raise that issue. It is true that not just anyone has standing to attack the constitutionality of a statute. Only those adversely affected by the statute in question have the requisite standing. In order to determine whether the case must be dismissed for lack of standing, we consider whether any defendant has standing.

■ St. Charles County has acted pursuant to the planning and zoning statutes applicable to second class counties (§§ 64.-510–64.690) and in the exercise of its discretion has assigned areas to various types of zones. In so doing, the county is exercising the police power to promote the order, health, safety, morals, and general welfare of society. 16 C.J.S. Constitutional Law § 174 (1956). The provisions of § 64.560, if valid, limit the ability of the county to zone land consistently according to the best judgment of the county court. Since such statutory exemption directly affects the county's action and, in its view, does so adversely, the county asserts that it should have standing to raise the question of constitutionality and have it judicially resolved pursuant to Mo.Const. art. III, § 40. In opposition, plaintiffs argue that local units of the government are mere arms of the state which may do only those things which the state authorizes them to do and that they have no right to attack the validity of a statute which affects them in the absence of a constitutional provision which gives them that right. In oral argument, counsel for plaintiff conceded that this would mean that even assuming that a law affecting operations of a county or city is one which under the constitution the legislature clearly may not pass, no county or city could raise that issue.

We overrule this contention. As the Supreme Court of Minnesota recognized in *Minnesota State Bd. of Health v. City of Brainerd,* 241 N.W.2d 624 (Minn.), appeal dismissed, 429 U.S. 803, 97 S.Ct. 35, 50 L.Ed.2d 63 (1976), a primary objective of the standing doctrine is to assure that there is a sufficient controversy between the parties that the case will be adequately presented to the court. That, plus the purpose of preventing parties from creating controversies in matters in which they are not involved and which do not directly affect them are the principal reasons for the rule which requires standing. Both of those objectives are satisfied in this case.

Furthermore, there are prior decisions of this court which support our decision that St. Charles County may attack the constitu-

tionality of § 64.560. In *State ex rel. Burke v. Cervantes,* 423 S.W.2d 791 (Mo.1968), a dispute concerning wages and conditions of employment arose between firemen of St. Louis and the mayor. The firemen requested the mayor to act pursuant to the Firemen's Arbitration Board Act and appoint an arbitration board to resolve the dispute. When he refused, the firemen sought mandamus to compel him to appoint the board. The trial court granted mandamus but this court reversed, holding the statute unconstitutional as applied to constitutional charter cities. If the position asserted herein by plaintiffs were sustained, the mayor of St. Louis would have had no standing to attack the constitutionality of the statute relied on by the firemen. The opinion in that case does not discuss standing, but we consider that the case necessarily recognizes that there was standing. See also *City of St. Louis v. Missouri Commission on Human Rights,* 517 S.W.2d 65 (Mo.1974) and *State ex rel. Carpenter v. City of St. Louis,* 318 Mo. 870, 2 S.W.2d 713 (banc 1928).

Having concluded that St. Charles County has standing and that based on its attack we will consider whether § 64.560 is unconstitutional as a special law, it would serve no useful purpose to extend this opinion in order to discuss or decide plaintiffs' contention that the other defendants have no standing to raise the constitutional issue.

*Is § 64.560 a special law which violates Mo.Const. art. III, § 40(30)?*

Mo.Const. art. III, § 40(30) prohibits the legislature from passing a special law where a general law can be made applicable. It then makes the determination of whether a statute violates this constitutional limitation a judicial question to be resolved by the courts. The standards to be utilized by a court in deciding such a question have been stated and repeated in a number of cases. Some of the cases frequently cited include *State ex rel. Toedebusch Transfer, Inc. v. Public Service Commission,* 520 S.W.2d 38 (Mo. banc 1975); *McKaig v. Kansas City,* 363 Mo. 1033, 256 S.W.2d 815 (banc 1953); *Reals v. Courson,*

349 Mo. 1193, 164 S.W.2d 306 (1942); *State ex rel. Hollaway v. Knight,* 323 Mo. 1241, 21 S.W.2d 767 (banc 1929); *City of Springfield v. Smith,* 322 Mo. 1129, 19 S.W.2d 1 (banc 1929); and *State ex inf. Barrett ex rel. Bradshaw v. Hedrick,* 294 Mo. 21, 241 S.W. 402 (banc 1922).

It would serve no useful purpose to quote extensively from those and other cases. Perhaps they can best be summarized by what Judge Storckman said in *Gem Stores, Inc. v. O'Brien,* 374 S.W.2d 109, 118 (Mo. banc 1963):

"* * * The demands of the constitutional provision prohibiting a local or special law where a general law can be made applicable are satisfied if the statute in question includes all who are similarly situated and omits none whose relationship to the subject matter cannot reasonably be distinguished from those included."

These are the tests which we apply in deciding defendants' contention that § 64.560 is a special law.

The exemption established by § 64.560 is not made applicable to all who are engaged in the recovery of natural resources. If it had been, it clearly would have been applicable to all who are similarly situated and would have been a general law. It is not even made applicable to all who recover natural resources by mining. Instead, it is made applicable only to those recovering natural resources by mining by the strip or open cut method. Consequently, we must determine whether it applies to all who are similarly situated and whether it omits anyone whose relationship to the recovery of natural resources cannot be distinguished on any reasonable basis from those included.

In answering these questions, we look to the cases of *City of Springfield v. Smith, supra,* and *McKaig v. Kansas City, supra,* which we conclude are the ones which involved questions comparable to the ones we must resolve in this case.

In *City of Springfield* a defendant was prosecuted under a city ordinance which prohibited anyone from keeping open on

Sunday "any theatre, playhouse, or any other place where theatrical performances, vaudeville shows or moving picture exhibitions are given or conducted, * * * ". The court recognized that not every kind of business would fall within the same category as amusement businesses but concluded there was no basis for omitting from the group named in the ordinance those engaged in "such public amusement businesses as concerts, circuses, amusement parks, public halls, sparring exhibitions, wrestling exhibitions, and like public amusement businesses, * * * ". 19 S.W.2d at 6. The ordinance was invalidated on the basis that it was a special law.

In *McKaig* the court dealt with an action to enjoin defendants from enforcing an ordinance which prohibited any automobile dealer from keeping his place of business open on Sunday or certain national holidays for the purpose of selling or trading automobiles. Plaintiffs contended that the ordinance was a special law which was void under Mo.Const. art. III, § 40(30). The court held the ordinance invalid, concluding that there was no reasonable basis for including automobile dealers while excluding those engaged in the business of selling television sets, radios, phonographs, refrigerators, washing machines, electric and gas ranges and heaters, trailers, golf equipment, furniture, hardware, clothing and many other articles. 256 S.W.2d at 817–818.

Applying the same analysis and reasoning to this case, we must ask ourselves what justification can there be for exempting from county zoning the recovery of natural resources when it is done by strip or open cut mining but not when it is done otherwise? Does such statutory classification meet the test stated by Judge Storckman in *Gem Stores, Inc.* in that it "includes all who are similarly situated and omits none whose relationship to the subject matter cannot reasonably be distinguished from those included"?

The only explanation and justification advanced by plaintiffs for a legislative exemption limited to recovery of natural resources by strip or open cut mining is that since it is the most objectionable method of mining it is the type most likely to be zoned against and the legislature wanted to protect it from being zoned out of existence. They say that the legislature apparently concluded that regulation and control of this method of mining should be left to state and federal regulation and to utilization of the common law doctrine of nuisance. This, they say, provides a reasonable basis for the distinction contained in the exemption provided by § 64.560.

We find this argument not persuasive. State and federal regulation can be and is as applicable to other types of mining as it is to strip and open cut methods and if those means, plus availability of the doctrine of nuisance is adequate to control the latter, it is equally adequate to control the former. This explanation by plaintiffs does not demonstrate that the relationship of those employing methods other than strip and open cut mining have a relationship to zoning with reference to those recovering natural resources which can reasonably be distinguished from those utilizing strip or open cut methods.

Is there some other basis on which we might find that the method exempted by § 64.560 has a relationship to zoning which we can distinguish on a reasonable basis from that of the methods not included in the exemption?

If the purpose of the exemption is to make sure that natural resources are available for the benefit of the public and that second and third class counties cannot zone against such recovery, then such reason is applicable to all recovery thereof, not just to that which is done by strip or open cut mining. If the purpose is to insure the right to recover natural resources when done by means least offensive to the general public, then such objective is not accomplished by § 64.560 as written because it protects from zoning those whose method is most offensive to the public while allowing zoning against recovery by other less offensive methods. This is recognized in plaintiffs' brief when it states "strip or open cut

mining is perhaps the most objectionable method of mining". The classification made by the exemption cannot be explained or justified on the basis that it was to protect the public from more offensive methods of recovering natural resources.

The impossibility of finding a reasonable basis for singling out and exempting from permitted zoning those mining by strip or open cut methods from others recovering natural resources perhaps can be illustrated by the following hypothetical. Assume that one owns a tract of land containing limestone deposits which is located in land zoned for agricultural purposes. If § 64.560 is valid, the owner could remove the overburden and then operate an open cut quarry to remove and crush the stone, free from any zoning restriction. However, if that same owner sought to utilize a less offensive method by cutting a hole in the side of a bluff, moving in equipment to do all blasting and crushing underground, and then sending the crushed stone out on conveyer belts, he would be in violation of the zoning for agricultural purposes and could be stopped. Counsel for plaintiffs conceded during oral argument that this would be true. What possible reasonable basis exists for such a distinction in what the same owner can do on the same tract to recover exactly the same natural resources? It seems obvious that such classification, established by § 64.560, is no more reasonable than those held bad in *City of Springfield* and *McKaig*.

We hold that § 64.560 is a special law and therefore unconstitutional under the provisions of Mo.Const. art. III, § 40(30). Accordingly, we reverse and remand with directions to enter a judgment in conformity with the views herein expressed. This holding disposes of the appeal of defendants from that portion of the judgment which held § 64.560 constitutional and the appeal of plaintiffs which sought reversal of that part of the judgment which limited what they would be permitted to do under the exemption contained in § 64.560.

SEILER, C. J., and MORGAN, BARDGETT, HENLEY, DONNELLY, JJ., and FLANIGAN, Special Judge, concur.

RENDLEN, J., not sitting.