CIVILIAN PERSONNEL DIVISION,
et al., Plaintiffs/Appellants,

v.

BOARD OF POLICE COMMISSIONERS
OF the CITY OF ST. LOUIS,
Defendant/Respondent.

No. 67915.

Missouri Court of Appeals,
Eastern District,
Division Five.

Dec. 5, 1995.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 17, 1996.

Application to Transfer Denied
Feb. 20, 1996.

Bruce C. Cohen, Feldacker & Cohen, St. Louis, for plaintiffs/appellants.

Edward J. Hanlon, St. Louis, for defendant/respondent.

TURNAGE, Senior Judge.

Civilian Personnel Division sought a declaratory judgment that a rule adopted by the Board of Police Commissioners of the City of St. Louis which required all non-supervisory employees of the Board to be residents of the City of St. Louis within 90 days after appointment was unconstitutional. The court granted the Board's motion for judgment on the pleadings. Civilian Personnel has appealed and contends that the rule is unconstitutional because it is a special law, that it grants special privileges to persons or a class of persons, and that enforcing the rule would require members of the Board to violate their oath. Affirmed.

Civilian Personnel is a not-for-profit corporation certified by the Missouri State Board of Mediation as an exclusive bargaining representative of civilian non-supervisory employees of the Board. The named individuals joining Civilian Personnel in this suit are civilian non-supervisory employees of the Board.

The Board adopted § 8.005(b) of the personnel manual which provides:

Civilian Residency Requirement—Each applicant for a civilian position appointed January 12, 1972 or after must be a citizen of the United States and a resident of the City of St. Louis within ninety (90) days after the date of appointment. Such residency shall continue during the tenure of service. The residency requirements herein are expressly made a condition of continued employment, and failure to comply within the time specified shall be grounds for dismissal.

▮ Civilian Personnel first contends that the rule is a violation of Article III Section 40(30) of the Constitution of Missouri. That constitutional section provides that the General Assembly shall not pass any local or special law where a general law can be made applicable....[1] Civilian Personnel contends that the rule applies to a geographical area and thus constitutes a special law under the holding in *Harris v. Mo. Gaming Comm'n,* 869 S.W.2d 58, 65 (Mo. banc 1994). The argument is that *Harris* held that a statute which contains classifications based on geographical areas among other things is a special law and because the rule applies only to the City of St. Louis, it is therefore a rule based on geography. This argument overlooks the fact that the law does not apply to a geographical location but rather applies to persons who would be civilian non-supervisory employees of the Board. Those persons may be residents of any geographical area, but must become residents of the City of St. Louis within 90 days after employment. While the rule mentions the City of St. Louis, the impact of the rule is only upon those persons who come within its ambit. The rule does not apply only to a certain geographical location.

Analysis of whether or not the rule runs afoul of the Constitution because it is a special law must be made under the rationale of *Ryder v. County of St. Charles,* 552 S.W.2d 705, 708 (Mo. banc 1977). There the court held that the standards to be utilized by a

---

1. Although the Constitution prohibits the General Assembly from passing special laws, "[d]uly promulgated substantive regulations have the force and effect of laws." *Cosada Villa v. Dept. of Social Servs.,* 868 S.W.2d 157, 160 (Mo.App. 1994). It will be assumed without deciding that the constitutional provisions discussed herein apply to the rule in question.

court in deciding whether or not a particular provision is a special law was summarized in *Gem Stores, Inc. v. O'Brien,* 374 S.W.2d 109, 118 (Mo. banc 1963):

> The demands of the constitutional provision prohibiting a local or special law where a general law can be made applicable are satisfied if the statute in question includes all who are similarly situated and omits none whose relationship to the subject matter cannot reasonably be distinguished from those included.

■■■ Thus the analysis in this case must focus on whether or not the rule includes all who are similarly situated and omits none whose relationship to the subject matter cannot be reasonably distinguished from those included. Here the rule includes all who desire to be employed as non-supervisory civilian personnel of the Board. It excludes no one who would seek such a position. Therefore it includes all who are similarly situated. Because it includes all who are similarly situated it cannot be said that the rule constitutes a special law.

■■■ Civilian Personnel next contends the rule violates Article I Section 13 of the Missouri Constitution which provides that no law making any irrevocable grant of special privileges can be enacted. Civilian Personnel contends that the rule confers special privileges upon the citizens of the City of St. Louis over citizens who live in other parts of the state because only St. Louis citizens may be employed. Civilian Personnel overlooks the fact that the rule does not limit employment to persons residing in the city. Rather the rule allows anyone, residents of the city or not, to be employed. It only requires that once employed the person must become a resident of the city within 90 days. Thus the argument fails on its own terms.

However, even if the rule were construed as Civilian Personnel contends, the constitutional prohibition is against an *irrevocable* grant of special privilege. In *State v. Missouri Pac. R. Co.,* 147 S.W. 118, 126 (Mo. banc 1912), the court held that even if a statute requiring employees of certain corporations to be paid semi-monthly could be classified as conferring special privileges, the privilege could be revoked by any subsequent Legislature. For that reason the court held

that the statute did not violate the Constitution because it did not grant an irrevocable special privilege.

The same can be said of the rule in this case. Even if the rule could be construed to confer special privileges, it can be revoked by the Board at any time. For that reason it does not grant an irrevocable special privilege.

Civilian Personnel finally contends that the rule must fall because § 84.040 RSMo 1994 provides that the members of the Board of Police Commissioners must take an oath that they will not in any case and under no pretext remove any person under them for any other cause or reason other than the fitness or unfitness of such person, in the best judgment of such commissioners. Civilian Personnel contends that the place where an employee resides has no bearing on the fitness of such person to carry out the duties assigned and thus if a person were removed because of a change in residence from the City of St. Louis to another location, the person would be none-the-less fit for employment.

This argument boils down to a contention that if a person is physically able to perform a task the Board could look no further in determining fitness.

That argument was rejected in *St. Louis Police Officers' Ass'n v. McNeal,* 585 S.W.2d 70, 75 (Mo.App.1979). In that case the Board of Police Commissioners had established numerous factors which were to be considered when persons were being considered for promotion. The Board had provided by rule that promotion would be made according to fitness and merit as "determined by the Board." This court held that numerous factors beyond the physical and mental ability of officers to perform "fall well within any reasonable definition of the terms 'fitness' and 'merit'."

■■■ Section 84.040 RSMo 1994 provides that persons may not be removed for any reason other than fitness or unfitness "in the best judgment of such commissioners." The statute did not limit the members of the Board to determining merely whether an employee has the physical and mental capacity to perform a task, but it has discretion to use its best judgment in determining fitness

or unfitness. As held in *McNeal,* numerous factors may be considered by the Board in the exercise of its discretion when it exercises its best judgment of whether or not an employee is fit for a particular job. In *McNeal* some of the factors which this court held would fall within a reasonable definition of fitness and merit were morale of the department, ability to relate to the community and the overall good and needs of the department and the community. Certainly residence in the City of St. Louis could be considered by the Board in using its best judgment of whether or not an employee is fit for continued employment because residency can relate to the overall good and the morale of the department and the relationship between the department and the community.

Under the holding in *McNeal,* residence could be considered by the Board in the exercise of its best judgment in determining the fitness of the employee.

The trial court, in an excellent and well-reasoned opinion, found the rule to be constitutional and entered judgment in favor of the Board. The judgment is affirmed.

CRANE, C.J., and SIMON, J., concur.